JOSHUA H. WATSON, SBN 238058
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorney for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION, RIVERSIDE

| | |
|---|---|
| AKI BERRY, CHERYL HAYTON, TIFFANY SCHEFFER,<br><br>Plaintiffs,<br><br>vs.<br><br>LULAROE, LLC d/b/a LulaRoe, a California Limited Liability Company, LLR, Inc., a Wyoming Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-02176 SVW (SPx)<br><br>NOTICE OF RELATED CASES |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rule 83-1.3.1, notice is hereby given that the following cases pending in the Central District Court of California are related:

1. Lemberg v. LuLaRoe, LLC, et al., Central District Court of California, Case No. 5:17-cv-02102-AB-SHK.

2. Haskett v LulaRoe LLC, et al., Central District Court of California, Case No. 5:17-cv-02212-GW-JC.

3. Patton v LuLaRoe, LLC et al., Central District of California, Case No. 5:17-cv-02231-JGB-SP.

Theses putative class actions all arise from Defendants' operation of an "endless chain scheme" (commonly referred to as a pyramid scheme) forbidden by California Penal Code section 327. Defendants in the cases are LuLaRoe LLC and LLR Inc. These companies engaged in a multilevel marketing business in which participants were required to buy an inventory of product (women's clothing) on a particular schedule, regardless of whether they sold the product.

Participants were not paid by Defendants for the actual sale of such product. Defendants instead encouraged participants to convince other people to enroll in the scheme. When a participant enrolled other people, those people and the ones they in turn enrolled were referred to as the participant's "downline." Defendants paid participants based on how much inventory their downline purchased. There was no connection between such bonuses and the amount of sales actually made to the public, which violates the Penal Code section above, as well as other civil-oriented statutes.

Defendants operated this business across state lines using the mail, internet, and phones. The scheme had its nerve center in Corona, California. A written agreement between Defendants and the participants included a California choice of law, and Riverside selection of venue. This brings the entire class within the jurisdiction of the Court.

The class consists of about 80,000 people. Over 1,200 of them have directly contacted the undersigned seeking information and assistance.

Eventually, the pyramid began to collapse. As it did, Defendants changed their business model to approach compliance with California Penal Code section 327. In so doing, they made various policy changes that violated return policies, which prompted the Lemberg action. The Lemberg action focuses on how the changing return/refund policies within the pyramid scheme impacted participants, and prays for relief based on denied or delayed refunds for unsold inventory. This instant matter, the Berry action, was thereafter filed. Berry addresses the overall unlawful nature of the enterprise, and highlights that all money obtained in an criminal enterprise is subject to restitution to

the victims (the class members).  Thereafter, the Haskett and Patton complaints were filed.  On information and belief, at least one more putative class may be filed as well, or has been just recently filed.

All of the cases deal with the underlying unlawful pyramid scheme.  Although Lemberg, the first filed matter, has a limited scope of damages asserted, its claims, questions of proof, and parties to be deposed substantially overlap with this matter, Berry.  The class actions filed after Berry are essentially duplicative of this matter, with some variation between the complaints on which law should be used to certify a nationwide class.

Given the interrelatedness of the many cases on facts and law, undersigned counsel files this Notice.  Counsel will also provide copies of this notice via email to the plaintiffs' counsel in the other matters.

Date: November 13, 2017

CLAYEO C. ARNOLD
A Professional Law Corporation


By:  /s/ Joshua H. Watson
JOSHUA H. WATSON
Attorney for Plaintiffs